DLD-155                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1800
_____

DEWAYNE BULLS,
Appellant

v.

FEDERAL BUREAU OF INVESTIGATION, (FBI);
DEPARTMENT OF JUSTICE, (DOJ); FBI AGENTS,
(JOHN/JANE DOE); DOJ OFFICIALS, (JOHN/JANE DOE)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00407)
District Judge:  Honorable Christy Criswell Wiegand
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 26, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dewayne Bulls sought to file an in forma pauperis complaint against the Federal Bureau of Investigation ("FBI"), the Department of Justice ("DOJ"), and unnamed FBI and DOJ officials. He claimed that they engaged in "an ongoing, systemic criminal enterprise," conducting surveillance of him under the Foreign Intelligence Surveillance Act in order to obstruct legitimate criminal investigations of "FBI[] malfeasance" that he has uncovered. ECF No. 7 at 1.

Bulls further alleged that they had "fabricated" his use of the drug MDMA and "planted illicit substances," including MDMA, in his drink. Id. at 3, 4. He explained that once he saw a "nondescript white pickup truck" near where he was "savoring a meal" in a "public space," which he identified (loudly and "without hesitation") as "the FBI." Id. at 5. He stated that, after he finished his meal, the FBI picked his discarded items from the trash, and "these seemingly innocent remnants were twisted . . . into false 'evidence.'" Id. And Bulls stated that, another time, he opened a water bottle outside a homeless shelter, and a video, if reviewed, would reveal misconduct by the FBI because it shows no tampering by him. Id. at 5-6. He blamed the FBI for curtailing his drug-testing regimen, reducing the number of drug tests he takes from five to one per week. Id. at 6. And Bulls further alleged that the FBI altered his drug test results, using caffeine and other substances to suggest his MDMA use despite a "negative MDMA result." Id. at 7. He sought a declaration that the defendants violated federal law; an injunction preventing further FISA surveillance; a cease-and-desist order directing the defendants to stop

"unlawful surveillance, evidence fabrication, and perjury"; criminal referrals; and damages. Id. at 8. Presenting similar and additional allegations (including ones relating to FBI forgeries and impersonations of people in high levels of government), Bulls also filed separate requests for preliminary injunctive relief.[1]

After Bulls was granted in forma pauperis status, a Magistrate Judge prepared a report and recommended dismissing the complaint with prejudice, because, inter alia, Bulls's allegations were frivolous and failed to state a claim. In another report and recommendation, she advised denying several of the motions for injunctive relief. Over Bulls's objections, the District Court adopted the first report and recommendation and dismissed the complaint with prejudice. On the same day, the District Court separately dismissed all Bulls's other motions as moot. Bulls filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's order dismissing Bulls's complaint. See Allah v. Seiverling, 229

---

[1] More specifically, he sought additional comparable cease-and-desist orders plus orders to release funds related to his 2023 state tax return, which, he contended, were being withheld by the FBI; to overcome FBI interference with his access to PACER; to address problems that he encountered entering a federal courthouse and interacting with employees in a clerk's office; and to enjoin obstruction of his efforts to communicate with a U.S. Attorney's Office (he noted that he has gotten out-of-service messages when he called there from a homeless shelter's telephone). ECF Nos. 4, 6, 10, & 11.

[2] We will not review the denial of Bulls's motions for a preliminary injunctive relief because this appeal is moot to the extent that he challenges the ruling on those motions. See Hankins v. Temple Univ., 829 F.2d 437, 438 n.1 (3d Cir. 1987).

3

F.3d 220, 223 (3d Cir. 2000).  Upon review, we will summarily affirm the District

Court's judgment because no substantial issue is presented on appeal.[3]  See 3d Cir.

L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir.

2011) (per curiam) (explaining that we may affirm on any basis supported by the record).

We agree with the District Court's decision to dismiss Bulls's complaint.  Bulls's

claims of a wide-ranging FBI conspiracy against him in order to obstruct criminal

investigations challenge credulity.  See Neitzke v. Williams, 490 U.S. 319, 325, 327-28

(1989) (explaining that a complaint is considered frivolous if it lacks an arguable basis in

law or fact).

Furthermore, even assuming the truth of some of his allegations, other pleading

defects plague his complaint.  He cannot impose civil or criminal liability under the

criminal statutes he cites.  See, e.g., Cent. Bank of Denver v. First Interstate Bank of

Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare

[federal] criminal statute").)  We do not recognize any implied action under Bivens v. Six

Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), that he may propose.  See Egbert

---

[3] Before coming to this conclusion, we have reviewed the informal brief that Bulls submitted, which we construe as a document in support of his appeal, as well as his opposition to summary action and other filings.  In response to his concern that the FBI authored the report and recommendation adopted by the District Court and impersonated this Court to notify him that we would consider summary action, we assure him that the report and recommendation and the notice of possible summary action are authentic court documents, issued by a Magistrate Judge and this Court's Clerk's Office, respectively, without the involvement of the FBI.

4

v. Boule, 596 U.S. 482, 490-91 (2022) (listing three types of cases for which the remedy is available); Fisher v. Hollingsworth, 115 F.4th 197, 204–06 (3d Cir. 2024) (analyzing the import of Egbert). While he also relied on 42 U.S.C. § 1983, he described actions by federal, not state, actors. Section 1983 "protects against acts attributable to a State" and requires action under color of state law. Lindke v. Freed, 601 U.S. 187, 194-95 (2024); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (requiring a plaintiff to allege "that [he] was deprived of a federal constitutional or statutory right by a state actor"). And some of his claims are just not supported by his allegations. For example, he maintained that the FBI violated his Fourth Amendment rights by trash-picking items he discarded, but no Fourth Amendment "seizure" occurs when the FBI appropriates abandoned property. Abel v. United States, 362 U.S. 217, 241 (1960).

Lastly, we conclude that the District Court did not abuse its discretion in ruling that amendment would be futile under the circumstances. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-14 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment.[4]

---

[4] We deny Bulls's motion to expedite review, see 3d Cir L.A.R. 4.1, and his other requests for relief.